# THE BELLEVILLE SAVINGS BANK
## v.
## SUSANNA REIS ET AL.

*Mortgages—Foreclosure of—Second Mortgage—Purchase of Mortgaged Premises by First Mortgagee—Effect of in Equity.*

1. Where the representative of a first mortgagee, at the sale of the mortgaged premises under a decree foreclosing a second mortgage on the same premises, purchases the premises, and the sale is confirmed by the court, and is not redeemed from, in equity there is a satisfaction of the first mortgage lien.

2. The fact that the first mortgagee did not take out a deed on the certificate of sale and that the time for taking out such deed has expired does not prevent this effect.

3. Upon the case presented, the decree of the court, in the foreclosure of the second mortgage for the deficiency, should not have been declared satisfied by the decree of the court below, and that decree is, in that respect, modified.

[Opinion filed February 4, 1890.]

IN ERROR to the Circuit Court of St. Clair County; the Hon. AMOS WATTS, Judge, presiding.

Mr. CHARLES W. THOMAS, for plaintiff in error.

In the Illinois cases in which it has been held that when a mortgagee acquires the fee the debt is merged in the land, the mortgagee did acquire the fee, and they have not the remotest application to this case, because here neither the mortgagee nor any one for it has acquired the fee.

The supposed purchase was a mere bid. No deed has ever been taken or ever can be taken out and there is no title to merge the first debt in.

The second objection to the claim of merger, is that the record shows that the sale under the foreclosure of the deed of trust was expressly made subject to the prior lien and that lien was expressly kept alive. This showed the intention of the holder of the second lien not to merge its debt, but to keep its lien alive, and under the latter decisions merger is a thing of intention and a lien is never merged unless it is for the interest of the lienholder. Ætna Life Ins. Co. v. Corn, 89 Ill. 170.

Messrs. CHAS. P. KNISPEL and A. S. WILDERMAN, for defendants in error.

Where the holder of the first and second mortgage foreclosed the second, the first is merged and satisfied, and the mortgagor is no longer liable on the note. Bassett v. Mason, 18 Conn. 131; Weiner v. Heintz, 17 Ill. 259; Merritt v. Niles, 25 Ill. 283; Smith v. Smith, 32 Ill. 198; Mines v. Moore, 41 Ill. 273; Finley v. Thayer, 42 Ill. 350; Lilly v. Palmer, 51 Ill. 331; Biggins v. Brockman, 63 Ill. 316; Robins v. Swain, 68 Ill. 197.

In these cases the law presumes the intention to merge. Nor can it be said that the purchase by Abend was a mere bid. The record shows and the court found that the sale to Abend was approved and confirmed by the court, the purchase money credited by the bank upon said note, a certificate of purchase delivered to the bank and recorded; that said premises were not redeemed by defendants in error, but were surrendered to the bank.

The mortgagee, on becoming the purchaser, is bound to

complete his p. chase to the same extent as any other purchaser. Hood v. Adams, 124 Mass. 481.

The rights of the parties are not changed, even if plaintiff in error, by his own neglect, lost the title acquired by the sale. Finley v. Thayer, 42 Ill. 350.

REEVES, P. J. This is a bill brought by plaintiff in error to foreclose a mortgage for $6,000, held by the bank and executed by Frederick Reis in his lifetime. The defendants in error filed their answer and cross-bill, alleging that the mortgage had been discharged and satisfied, and praying that it be canceled, and a decree was entered upon the cross-bill to that effect. The case in one aspect of it was before us at the February term, 1888. In the case as it was then before us, we held the propriety of the decree rendered on the cross-bill could not be inquired into, as that appeal was only from the action of the Circuit Court in proceedings subsequent to the decree. This writ of error brings before us for review, the decree rendered upon the cross-bill.

The decree was *pro confesso* and it is urged that the decree is broader and more comprehensive than the allegations of the cross-bill warranted. The facts disclosed by the cross-bill are these: On the 6th day of April, 1874, Frederick Reis borrowed of the plaintiff in error $6,000, to secure which he, joined by his wife, defendant in error Susanna Reis, executed to the bank a mortgage on certain real estate in Belleville. Afterward, on the 28th day of August, 1875, said Frederick Reis borrowed of the bank the further sum of $4,000, and to secure this loan he and his wife executed to Edward Abend, as trustee, a trust deed covering the same real estate embraced in the mortgage, and also part of another lot in Belleville. During the year 1876 Frederick Reis died, leaving appellees, his widow and children, who were his only heirs. In April, 1877, the bank filed a bill to foreclose the trust deed given to secure the $4,000 loan, and secured a decree of foreclosure. At a sale under this decree, the part of lot included in the trust deed, and not embraced in the mortgage, was sold to appellee, Susanna Reis, for $2,300, and the property embraced

in the first mortgage was, under the decree, sold to Edward Abend, who was the president of the bank, and acting for it in the matter, for $50. These sales were confirmed, by the court. No redemption was made from either sale, and the amount of the two sales was credited on the decree, leaving a balance due on the decree, of over $1,500. It is also alleged in the cross-bill that the premises bid off by Abend for the bank at the sale under the decree foreclosing the trust deed, were worth $10,000, and that at the time the suit was brought to foreclose the trust deed, the $6,000 loan secured by the first mortgage was due, and that the bank and Abend had notice that the sale made by the master under the decree foreclosing the trust deed, was made subject to the prior mortgage. It was further alleged in the cross-bill that appellee Susanna Reis qualified as executrix of Frederick Reis, and on or about March 18, 1876, the bank filed the notes given for the two loans of $6,000 and $4,000, as claims against the estate, and the same were allowed by the County Court of St. Clair County.

The decree finds that by the foreclosure and sale under the second mortgage, the first mortgage was satisfied, it being at the time the foreclosure took place, part due, and held and owned by the bank. The decree also cancels and discharges the balance due under the decree foreclosing the second mortgage, and sets aside and declares satisfied the claims allowed on both notes against the estate of Reis.

The part of the decree containing this provision is in these words: "That said note and mortgage in the original bill herein described, and as set out herein above, *as well as the trust deed and note* in said cross-bill described, likewise herein before set forth and mentioned, and all claims based on said notes. mortgage *and trust deed* be, and the same are hereby declared and adjudged fully paid, satisfied and discharged, and that they be canceled; that all claims and demands of the said Belleville Savings Bank upon complainants to cross-bill by virtue of said incumbrances, be held for naught; that the said Belleville Savings Bank take the real estate purchased by it as above found, by Edward Abend, in full satisfaction

of its said claims; that the judgment of the County Court allowing said notes secured by said incumbrances, be and the same is hereby set aside and declared satisfied."

The first error assigned is the decreeing the note described in the original bill was paid.

We do not think this error well assigned. When Abend, for the bank, bought the premises embraced in mortgage sought to be foreclosed in this case, under the decree foreclosing the second mortgage or trust deed, and that sale was confirmed by the court and was not redeemed from, in equity, at least, there was a satisfaction of the prior mortgage lien. Biggins v. Brockman, 63 Ill. 316. It is no answer to say that the bank did not take out a deed on the certificate of purchase issued to it and now no deed can be made under the statute. If this were so, the effect of such a sale could always be avoided by the holder of the first mortgage being the purchaser at such sale, and neglecting to take out a deed upon his certificate until the time expired under the statute in which he could take out a deed. Furthermore the decree finds that the widow and heirs of Reis surrendered the premises to the bank and disclaimed all interest in the same, and the title to the premises is decreed to be in the bank.

The second, third and fifth assignments of error were disposed of when the case was before us at a previous term. The fourth error assigned goes with the first. The sixth error is as to that part of the decree which declares the satisfaction and cancellation of the $4,000 claim, and in effect satisfying the balance due on the decree of foreclosure of the mortgage, securing the same, and the judgment on the same entered against the estate in the County Court. It will be observed that there is no allegation in the cross-bill that the bank or any one acting for it ever agreed to take the premises described in the first mortgage, and which were bid off by Abend for the bank, at the sale under the decree foreclosing the trust deed, in full satisfaction of both notes held by the bank. We do not see how, as a matter of law or equity, it can be said that by bidding on said premises the sum of $50, under the decree of foreclosure referred to, the bank forfeited its right to

enforce against the estate of Reis the balance due upon this decree. The value of the premises does not seem to us to have any controlling effect upon the question. If the premises were worth more than the $6,000 mortgage and the $50 bid, the heirs of Reis had the right to redeem from the sale. Failing to do so we do not see that they had any reason to complain that the premises were worth more than the amount of the $6,000 mortgage and the amount bid by the bank. In so far as the decree seeks to wipe out the balance due upon the decree of foreclosure of the trust deed, we think it is erroneous.

However, as the decree can be modified so as to cure this error, we do not think the decree ought to be reversed. The decree rendered by the Circuit Court will be modified, so that the bank shall have the right to enforce in any legal way the balance due on the decree of foreclosure of the trust deed, after applying on said decree the amount realized by the sale under said decree, less the costs in that proceeding made and taxed and that part of the decree setting aside the judgment of the County Court allowing the amount of said notes as a claim against the estate of Reis, will be modified to the extent that said judgment will stand as to so much thereof as shall equal the balance due upon the $4,000 note, after applying as credits on the same the net amount realized from the sales under the decree of foreclosure.

<em>Decree modified and affirmed.</em>